UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:10-CR-74 |
| V. | ) | (VARLAN/ SHIRLEY) |
| | ) | |
| | ) | |
| LEONARD EPPERSON | ) | |

**ORDER OF REVOCATION OF PRETRIAL
RELEASE AND DETENTION**

This matter came before the Court on February 7, 2011, for a hearing on a Petition For Action On Conditions of Pretrial Release [Doc. 15]. Kelly Ann Norris was present representing the government and Paula R. Voss was present representing the defendant. The defendant was also present. The defendant was advised of his rights and the charges against him and, the defendant was competent to plead and acknowledged his understanding of the charges in the petition.

The defendant had previously tested positive for drugs before his change of plea hearing. At that change of plea hearing his conditions of release were amended by Judge Varlan in a modification which added that he shall be admitted on or before October 6, 2010 to the Veterans Administration 28-day drug treatment program and failure to do so or to abide to all of the conditions previously ordered would result in an arrest warrant and his bond being revoked. The defendant has since been alleged to have:

(1) Continued to not follow the directions of his probation officer;

(2) Avoided drug screens; and,

(3) Provided to the Court what now appears to be inaccurate information. (i.e. no Veterans Administration 28-day inpatient drug treatment program was attended by the defendant, nor does one exist.)

On February 7, 2011, the Defendant appeared before the Court, plead guilty to the petition charges, and admitted to the Court that he had violated the Order Setting Conditions of Release.  The Court  finds the Defendant has violated the Conditions of Release and that the Defendant poses a danger to the safety of the community.   Further, under 18 U.S.C. §3143, defendant is a person who has already pled guilty and is awaiting imposition of sentence and thus must be detained unless defendant proves by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community if released under 18 U.S.C.§3142(b) or (c).  The defendant acknowledged his violations, his guilt and the lack of any such evidence, let alone clear and convincing evidence.  The Defendant acknowledged that he was aware that his release would be revoked and he would be held in custody pending sentencing of his case.  Therefore, the **Order Setting Conditions of Release [Doc. 8]** is hereby **REVOKED** and the defendant is remanded to the custody of the United States Marshal pending his sentencing on **February 24, 2011**, at **2:00 p.m.,** before the **Honorable Thomas A. Varlan**, United States District Judge.  His appearance bond is hereby **CANCELLED**.

**IT IS SO ORDERED.**

                                      ENTER:

                                           s/ C. Clifford Shirley, Jr.
                                      United States Magistrate Judge